# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

UNITED STATES OF AMERICA,

v.                                                        CRIMINAL ACTION NO. 5:22-cr-00219

PAUL RICHARD MASSEY.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Paul Richard Massey's Motion to Modify Sentence [ECF 83], filed January 8, 2024. The Government responded on January 16, 2024 [ECF 86]. The matter is ready for adjudication.

### I.

The Court convened for sentencing on October 19, 2023. Mr. Massey pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of money laundering in violation of 18 U.S.C. § 1957. Mr. Massey's Total Offense Level was 23, and he received 0 criminal history points, placing him in Criminal History Category I. The Court sentenced Mr. Massey to a year and a day of imprisonment followed by a three-year term of supervised release. The Court imposed the special condition of supervised release that Mr. Massey serve the first twelve months of the supervisory term on home confinement with electronic monitoring. The Court additionally imposed a $200 special assessment and $862,871.29 in restitution. The Court allowed Mr. Massey to self-report to the Bureau of Prisons ("BOP") following designation.

Mr. Massey now seeks to serve his twelve-month term of home confinement -- which, as noted, is a special condition of his supervised release term -- prior to serving the year and a day custodial term. He asserts his business, Massey Power Sports, has several critical business transactions pending presently, namely, (1) interior upgrades to the showrooms in

Beckley and Cross Lanes, and (2) opening a new location in Charleston. Mr. Massey is also responsible for 80% of the sales revenue and fears the company may fail at this critical stage without him. The requested sentence modification would also allow Mr. Massey to prepare his 23-year-old son to take over the business while he is incarcerated. Mr. Massey's restitution payments of no less than $4,000 per month commence February 15, 2024.

The Government responds Mr. Massey has not met the modification precondition of exhaustion under 18 U.S.C. § 3582(c)(1)(A). Assuming discharge of that precondition, however, the Government disputes Mr. Massey's attempted showing of "extraordinary and compelling reasons" to warrant the modification.

## II.

Mr. Massey is not seeking a sentence modification in the usual sense. He is instead requesting a change in sentence implementation. Title 18 U.S.C. § 3583(a), however, provides pertinently as follows: "The court, in imposing a sentence to a term of imprisonment for a felony . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release *after imprisonment* . . . ." 18 U.S.C. § 3583(a) (emphasis added). There is also an additional restriction of the same type elsewhere in the United States Code. *See* 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment."). And binding precedent suggests this order of implementation is not subject to alteration by judicial fiat. *United States v. Johnson*, 529 U.S. 53, 57 (2000) ("The phrase 'on the day the person is released,' in the second sentence of § 3624(e), suggests a strict temporal interpretation, not some fictitious or constructive earlier time.").

Inasmuch as two different statutes -- not to mention language in a Supreme Court opinion -- preclude the relief requested, the Court **DENIES** Mr. Massey's Motion for Sentence Modification.[1]

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: February 5, 2024



Frank W. Volk
United States District Judge

---

[1] Moreover, assuming the Motion was properly construed as one seeking a sentence modification pursuant to 18 U.S.C. § 3582(c)(1)(A), it is the case, as the Government notes, that Mr. Massey has not exhausted his administrative remedies.

3