UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                              CRIMINAL ACTION NO. 5:22-cr-00219

PAUL RICHARD MASSEY

### MEMORANDUM OPINION AND ORDER

Pending is Petitioner Paul Richard Massey's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [ECF 105], filed August 19, 2024. The matter is ready for adjudication.

**I.**

On April 20, 2023, Mr. Massey pled guilty to Count Nine and Count Thirteen of a Fifteen Count Indictment. Count Nine charged Mr. Massey with wire fraud in violation of 18 U.S.C. § 1343 and Count Thirteen charged Mr. Massey with money laundering in violation of 18 U.S.C. § 1957. On October 19, 2023, Mr. Massey was sentenced to a below-guideline disposition of one year and one day of imprisonment, to be followed by a three-year term of supervised release, $862,871.29 in restitution, and a $200 special assessment. The Court imposed the special condition that he serve the first 12 months of supervised release on home confinement with electronic monitoring. He is currently incarcerated, with a projected release date of November 26, 2024.

Mr. Massey states he submitted to his warden a request for compassionate release on May 29, 2024. The request was denied on June 5, 2024. On August 19, 2024, Mr. Massey filed

the instant Motion for Sentence Reduction using the AO 250 Pro-Se Motion for Compassionate Release form. Mr. Massey asserts that he has exhausted his administrative remedies and provides the following as grounds for his release: (1) the caregiver of his minor child has died or become incapacitated, and he is the only available caregiver for his child, (2) his spouse has become incapacitated and he is the only available caregiver for his spouse, and (3) there are other extraordinary and compelling reasons for his release.

Mr. Massey goes on to explain his wife suffers from various medical ailments including diabetes resulting in severe neuropathy, high blood pressure, and fibroids which cause her to bleed continuously. Mr. Massey asserts these ailments have made it "very hard" for her to watch their one-year-old grandson while he is incarcerated. Next, Mr. Massey explains the extraordinary and compelling reason for his release is his failing business. While incarcerated, Mr. Massey asserts he entrusted the management of the business to his son who is "unacquainted" with all of the functions of the business. Mr. Massey claims sales are down by over $1.5 million and are expected to be down $6 million for the fiscal year. Additionally, Mr. Massey asserts the company has incurred sizeable layoffs and the company is at risk of closing some if not all locations due to the drastic reduction in sales and revenue.

## II.

The First Step Act (the "Act") amended 18 U.S.C. § 3582(c)(1)(A) to expand access to compassionate release to incarcerated individuals. Prior to enactment, a court could only consider compassionate release on motion by the BOP. The Act "removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). Before filing a motion under 18 U.S.C.

§ 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 597 U.S. 481, 484 (2022). However, this broad discretion "does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence . . . counsels against providing relief." *Id*. at 502. Rather, "[i]t is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained." *Id*. at 486-87; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (holding that when analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis.").

In April 2023, the U.S. Sentencing Commission promulgated amendments to the federal sentencing guidelines that took effect on November 1, 2023. Among those amendments was a revision to Section 1B1.13(a) authorizing a defendant to file a motion under 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 further provides any of the following circumstances or combination thereof constitute extraordinary and compelling reasons: (1) the medical circumstance of the defendant, including, *inter alia,* an ongoing infectious disease outbreak at the

3

defendant's facility or an ongoing declared public health emergency; (2) the defendant's age; (3) the defendant's family circumstances; (4) the defendant's status as a victim of abuse; (5) other circumstances similar in gravity to those previously listed; or (6) the defendant received an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(1)-(6).

If an inmate demonstrates extraordinary and compelling reasons for release, the court must then consider the § 3553(a) sentencing factors in deciding whether to exercise its discretion to reduce the inmate's sentence. 18 U.S.C. § 3582(c)(1)(A); *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). These factors include "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public from further crimes of the defendant," and "provide the defendant with . . . training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a); *see High*, 997 F.3d at 187.

### III.

*A. Extraordinary and Compelling Reasons*

Upon review of Mr. Massey's Motion for Sentence Reduction, no extraordinary and compelling reason exists to warrant a sentence reduction. First, when considering the family circumstances of Mr. Massey, he has failed to provide evidence his wife is incapacitated, or that he is the only available caregiver for her and his grandson. Mr. Massey only claims it has been "very hard" on his wife watching their one-year-old grandson alone because she suffers from diabetes, high blood pressure, and fibroids. [ECF 105 at 5]. Next, Mr. Massey's failing business is not "similar in gravity to those described" in § 1B1.13(b)(1)–(4).

Section 1B1.13(b)(3)(B) provides that "[t]he *incapacitation* of the defendant's spouse . . . when the defendant would be the *only* available caregiver for the spouse" may constitute

4

an extraordinary reason for compassionate release. (emphasis added). Section 1B1.13(b)(D) provides for the same for grandchildren "when the defendant would be the *only* available caregiver." § 1B1.13(b)(3)(B) (emphasis added). Section 1B1.13(b)(3)(A)–(D) focuses on the defendant being the *only* available caregiver. (emphasis added); *see United States v. Huffman*, No. 2:19-CR-00163, 2024 WL 3046412, at *4 (S.D.W. Va. June 18, 2024) (Copenhaver, J.) (denying compassionate release to defendant in part because he failed to provide any evidence to show he is the only potential caregiver for his parents).

Mr. Massey has not provided any evidence to show (1) his wife is incapacitated and (2) he is the only available caregiver for his wife and grandson. Upon review of the Presentence Investigation Report completed on June 15, 2023, and last revised on October 12, 2023, Mr. Massey resided with his wife, 20-year-old daughter, her boyfriend, and two grandchildren. Mr. Massey also reported having a 26-year-old son and a 23-year-old son, both of whom reside in the District. Further, his failing business is not an appropriate factor for this Court to consider when determining whether Mr. Massey is entitled to compassionate release. Were that otherwise, the factor is not sufficiently weighty to warrant such a material change to an extraordinarily lenient sentence. Accordingly, he has not shown extraordinary and compelling reasons exist entitling him to compassionate release.

**B. 3553(a) Factors**

Even if Mr. Massey could demonstrate extraordinary and compelling reasons for compassionate release, the applicable § 3553(a) factors do not support a reduction in his sentence.

As to the nature and circumstances of the offense, the offensive conduct arose out of his employment at Allstate Insurance whereby he authorized and issued 68 fraudulent claim payments amounting to $862,871.29. Additionally, throughout the investigation Mr. Massey

attempted to conceal his improper conduct by lying to an investigator from Allstate and an FBI Agent. He also created a fictitious document in response to a grand jury subpoena. Mr. Massey owes restitution in the amount of $862,871.29 to Allstate Insurance Company.

Further, a sentence reduction to an already below-guideline range sentence would not reflect the seriousness of the offense or promote respect for the law. Neither would it afford adequate deterrence for criminal conduct. Mr. Massey was sentenced to a term of one year and one day followed by a three-year term of supervised release with the first year of supervised release to be served on home confinement with electronic monitoring. Meanwhile, Mr. Massey's Guideline Range provided for term of imprisonment of 46 to 57 months.

**IV.**

Accordingly, the Court **DENIES** Mr. Massey's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [**ECF 105**]. The Court **ORDERS** the provisionally sealed attachment containing Mr. Massey's proposed release plan and medical records be **SEALED**.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:     September 30, 2024



Frank W. Volk
Chief United States District Judge