UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNITED STATES OF AMERICA

v.                                                              CRIMINAL ACTION NO. 5:22-cr-00219

PAUL RICHARD MASSEY

### MEMORANDUM OPINION AND ORDER

Pending is Claimant Kimberly Massey's Letter-form Petition/Response regarding the Court's Final Order of Forfeiture, [Doc. 98], filed June 6, 2024. The Government responded in opposition on July 18, 2024. [Doc. 101]. Ms. Massey filed her Letter-Form Petition/Response to the Court's Final Order of Forfeiture, [Doc. 104], on August 12, 2024. The matter is ready for adjudication.

I.

On April 28, 2022, Defendant Paul Richard Massey received a letter he was the target of a grand jury investigation. [Doc. 1]. On December 7, 2022, the Government filed a fifteen-count indictment against Mr. Massey. [Doc. 4]. The indictment alleged Mr. Massey knowingly devised and intended to devise a scheme to defraud and obtain money and property from his employer, Allstate Insurance Company, by means of materially false and fraudulent pretenses and representations. [*Id*. at 1]. The seventeen-page indictment included a Notice of Forfeiture. [*Id*. at 16-17]. It provided: (1) allegations of the indictment were being realleged and incorporated by reference for the purposes of giving notice pursuant to 18 U.S.C. § 1981, § 982, and 28 U.S.C. §

2461(c). [*Id.*]. The property listed included: (1) all property which constitutes or is derived from proceeds of the violations set forth in the indictment, (2) all property involved in such violations or traceable to property involved in such violations, and (3) all other property to the extent of the value of the property described in (1) or (2) if the latter is missing, diminished in value, or otherwise not obtainable. [*Id.*]. The indictment specifically alleged $850,000 constituted a forfeiture money judgment, as that amount essentially constituted the proceeds of the alleged criminal offenses. [*Id.*].

On December 28, 2022, the Honorable Omar J. Aboulhosn, United States Magistrate Judge, addressed Mr. Massey's request to visit the Bahamas. [Doc. 20]. He denied the request. He further directed Mr. Massey to complete an updated financial affidavit inasmuch as the original omitted a 2019 Ford Truck. The updated financial affidavit dated December 28, 2022, was filed that day. [Doc. 22]. The updated financial affidavit included four vehicles not previously disclosed. [*Id.*]. Magistrate Judge Aboulhosn also noted as follows: "Defendant failed to list his vacation home in Surfside Beach, South Carolina on his original financial affidavit (*Id.*). In regard to the vacation home, upon questioning by the Court, the Defendant admitted that the home was paid in full and that he purchased the same for approximately $230,000.00. (See Defendant Exhibits 2 and 4)." [Doc. 20 at 3]. The following are additional changes to the updated financial affidavit according to Magistrate Judge Aboulhosn:

> i. He increased the value of his home from $120,000 to $138,000 but in the new financial affidavit indicates that there is a loan in the amount of $122,000;
>
> ii. He increased the value of automobiles from the original amount of $30,000 to $134,000 but in the new financial affidavit notes that there is approximately $62,000 owed on at least two vehicles. (The Court reemphasizes that the Defendant only disclosed one vehicle originally but under intense questioning by the Court he admitted he owned 4 vehicles and that his 2019 Ford Truck was debt-free and valued at approximately $50,000);
>
> iii. He disclosed for the first time on his new financial affidavit that he has a second home

> valued at $190,000. (The Court notes that upon intense questioning by the Court that the Defendant admitted to paying $230,000 for the home and he claims that to the best of his knowledge, the home dropped in value to the amount of $190,000. The Defendant also acknowledged that this home is paid in full without any indebtedness).[1]

[*Id*. at 4]. Moreover, Magistrate Judge Aboulhosn noted in a footnote the following about Mr. Massey:

> At the conclusion of the hearing, the Defendant once again attempted to feign ignorance of the fact that he failed to fully disclose his assets. However, the Court pointed out that the Defendant had the audacity to request, via his court appointed attorney due to the Defendant's alleged "indigency", that he be allowed to vacation in the Bahamas and Disney World and in support thereof presented the fact that the Defendant had an unencumbered vacation home in Surfside Beach, South Carolina valued at approximately $200,000 and an unencumbered 2019 Ford F-250 Diesel Crew Cab pickup truck valued at $50,000. The undersigned was appalled at the Defendant's unabashed and bold abuse of using indigency counsel to submit debt-free property valued in excess of a quarter of a million dollars as security to allow him to attend a vacation in the Bahamas and Disney World.

[*Id*. at 5-6].

Ultimately, Mr. Massey pled guilty to Counts Nine and Thirteen charging him with violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1957 (Money Laundering). The plea agreement stated as follows:

> 6. **FORFEITURE.** Mr. Massey hereby agrees as follows:
>
> (a) To forfeit to the United States any and all property in Mr. Massey's possession or under his control which constitutes proceeds of or is derived from the proceeds of the offense to which Mr. Massey is agreeing to plead guilty, and is set forth in this information, namely a violation of 18 U.S.C. § 1343 and 18 U.S.C. § 1957. Mr. Massey further agrees that he generated at least $862,871.29 from his wire fraud and money laundering activities and that he will not contest a forfeiture money judgment in the amount $862,871.29, which amount constitutes the proceeds of the violations of Count Nine and Count Thirteen. Mr. Massey also specifically agrees to forfeit his interest in the following pieces of property:

---

[1] Magistrate Judge Aboulhosn additionally directed Mr. Massey "to meet with the United States Probation Office and to complete a full financial disclosure of all assets." When Mr. Massey indicated uncertainty respecting the division of personal and business property, the Magistrate Judge noted Mr. Massey "was a sophisticated businessman who clearly knew the difference between property owned by him personally and that owned by his business." [*Id*. at 4].

- 2019 Ford with VIN 1FT7W2BT3KED08852(hereinafter, the "Truck")
- The real property known as 1511 S Hollywood Drive, Surfside Beach, South Carolina 29575, Lot 18, Block 14, Ocean Pines (hereinafter, the "Beach House")

(b) In lieu of Mr. Massey forfeiting his interest in his business Massey Powersports, LLC, which was used to perpetuate his wire fraud scheme and conceal the funds generated from the scheme, Mr. Massey agrees to forfeit any interest that he or Massey Powersports, LLC holds in the Truck and Beach House. If the United States is unable to complete a forfeiture action against either the Truck or the Beach House because either item is overly damaged, transferred to another individual, or does not have at least $10,000 worth of equity, then Mr. Massey understands that the United States may seek to forfeit his interest in Massey Powersports, LLC.

(c) The United States Attorney's Office for the Southern District of West Virginia agrees to apply for the money gained from the forfeiture of the Beach House and the Truck to be applied to Mr. Massey's restitution obligation through a process called restoration. If the restoration request is approved, then the United States Attorney's Office for the Southern District of West Virginia will apply the money gained from the forfeiture of the Beach House and the Truck to be applied to Mr. Massey's outstanding restitution obligation.

(d) To withdraw any civil and administrative forfeiture claims to the property listed above.

(e) To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled. Any such identified property deemed forfeitable by the United States will then be forfeited, pursuant to 18 U.S.C. §§ 981, 982 or 28 U.S.C. § 2461, in either an administrative or judicial forfeiture action;

(f) To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

(g) To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(h) To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in *United States v. Alexander*, 509 U.S. 544 (1993); *United States v. Bajakajian*, 524 U.S. 321 (1998); *United States v. Austin*, 509 U.S. 602 (1993); and their

progeny.

[Doc. 48 at 5-6].

On June 29, 2023, the Government filed a proposed Preliminary Order of Forfeiture. [Doc. 53]. It included the following description of the Beach House:

> This being the identical property conveyed to Paul Massey *and Kimberly Massey* by Deed from Mark R. Bly, dated November 24, 2020 and recorded on November 25, 2020 in Deed Book 4365 at Page 2952, Horry County records.
>
> Tax Map #: 195-07-04-014 & PIN: 462-12-03-0021
>
> Property Address: 1511 Sough Hollywood Drive
>                   Surfside Beach, SC 29575

[*Id*. at 2] (emphasis added). The United States was thus aware Ms. Massey held joint ownership of the Beach House with Mr. Massey.

On July 27, 2023, the Government filed an amended proposed Preliminary Order of Forfeiture. [Doc. 58] stating, in part, as follows:

> WHEREAS, the defendant has consented to forfeit all of his right, title, and interest in the approximately $862,871.29 in United States currency, more or less; a 2019 Ford with VIN: 1FT7W2BT3KED08852; and the Beach House, and has consented to the alternative forfeiture of Massey Powersports, LLC, outlined above.

[*Id*. at 4].

On August 24, 2023, the Court adopted without change the Amended Preliminary Order of Forfeiture, which also included the block paragraph earlier recited mentioning Kimberly Massey.

On October 19, 2023, Mr. Massey was sentenced to a year and a day, a supervised release term of three years, $862,871.29 in restitution, and a $200 special assessment. [Doc. 71]. The Court imposed the special condition that he serve the first 12 months of supervised release on home confinement with electronic monitoring. The transcript discloses the following:

> (1) He readily agreed to forfeiture of the beach house in South Carolina and the F-150 truck that the state -- I mean, that the federal government acknowledged possession thereof. [Doc. 78 at 25]; and
>
> (2) If the Court has not previously entered an order respecting the forfeiture provision of the plea agreement, I would invite the parties to submit a joint order on that matter, as I will invite them to submit a joint proposed order respecting the appropriate manner in which to discharge the remaining restitution obligation.

[*Id*. at 44].

On October 25, 2023, the Publisher's Certificate of Publication was filed noting publication from September 12, 2023, to October 11, 2023. [Doc. 70]. On March 11, 2024, the Court entered the Final Order of Forfeiture directing that all right, title and interest to the property described was condemned, forfeited, and vested in the United States to be disposed of according to law. [Doc. 94]. Mr. Massey was required to forfeit all interest in (1) a money judgment of $862,871.29, (2) a 2019 Ford, and (3) the Beach House. The Court also stated as follows:

> In lieu of Mr. Massey forfeiting his interest in his business Massey Powersports, LLC, which was used to perpetuate his wire fraud scheme and conceal the funds generated from the scheme, Mr. Massey agrees to forfeit any interest that he or Massey Powersports, LLC hold in the truck and Beach House. If the United States is unable to complete a forfeiture action against either the truck or the Beach House because either item is overly damaged, transferred to another individual, or does not have at least $10,000 worth of equity, then Mr. Massey understands that the United States may seek to forfeit his interest in Massey Powersports, LLC.

[*Id*. at 2]. Further, the Order reflected notice was posted on the United States' website for at least 30 consecutive days, *i.e.*, September 12, 2023 to October 11, 2023. Additionally, and pertinently, the Order stated as follows:

> [A]s authorized by 21 U.S.C. § 853(n)(1) and Rule 32.2 (b)(6)(C), Federal Rules of Criminal Procedure, as evidenced by the Declaration of Publication on file with the United States' intentions of disposing of the forfeited property according to law, *and notified third-parties of their right to petition the Court, within sixty (60) days of the first date of publication, for a hearing to adjudicate the validity of their alleged legal interest in the property*, as provided by 18 U.S.C. § 982(b)(1) and 21 U.S.C. § 853(n)(7). AND WHEREAS, it appears from the record in this case that more than sixty (60) days have elapsed since the first date of publication and no

6

claims have been filed . . . .

[*Id.* at 3 (emphasis added)]. Moreover, the document included the following language:

This being the identical property conveyed to Paul Massey *and Kimberly Massey* by Deed from Mark R. Bly, dated November 24, 2020 and recorded on November 25, 2020 in Deed Book 4365 at Page 2952, Horry County records.

Tax Map #: 195-07-04-014 & PIN: 462-12-03-0021

Property Address: 1511 South Hollywood Drive
Surfside Beach, SC 29575

[*Id*. at 2-3] (emphasis added).

On June 6, 2024, Ms. Massey filed a letter-form Petition/Response regarding the Court's Final Order of Forfeiture. [Doc. 98]. Ms. Massey stated she received a letter on May 10, 2024, instructing her to file a petition within thirty days regarding (1) the Beach House, (2) the truck, and (3) all personal property involved. [*Id*. at 1]. She noted that "the property included . . . [the Beach House] . . . [and] a 2019 Ford F250. We also had a great deal of personal property located in the home that we were not given access to retrieve after the locks were changed." [*Id*.]. She noted that "her intentions are to request the home, the truck, and all personal property involved in the forfeiture be pardoned from the forfeiture and full ownership returned to [her] family." [*Id*.]. She further alleged as follows:

[T]he US Attorney's office inserted the . . . [Beach House] and the truck into the plea agreement and made it a condition of the same. My husband never volunteered to include these as part of the deal. In fact, he worked very hard to have them removed from the plea deal, but his efforts were cut off at each turn. He was told repeatedly that he could have the business or . . . [Beach House], but he could not keep both. In fact, when he was told that, [sic] he was also told that the business was being depended on to make the restitution payments for his case. [*Id.* at 1];

He even went so far as to get a home equity loan approved on the . . . [Beach House] for around $360,000, which was 80% of the appraised value . . . . However, even at that point he was told that he could not keep the . . . [Beach House]. [She has] since been told that [she is] currently due a percentage of the home sale, yet they denied him each time he tried to keep the . . . [Beach House]. He was not given any

7

> options to keep it at that time, even the financing had been arranged. [*Id*.]; and
>
> As [she] received the letter stating [she] had 30 days to file a petition for the property, the . . . [Beach House] was then listed with a real estate agent (Brendon Payne Expert Advisors Real Estate, Century 21 Expert Advisors) on May 13, 2024. After being appraised in the fall for over $400,000, it was listed by the government for only $352,000. This is well below the actual value of the home. [The Government] stated that if the . . . [Beach House]sold, [she] would receive a percentage of that amount, but the house was still being given away at that price.

[*Id*. at 2]. Ms. Massey asserted her efforts to obtain the personal property located in the Beach House went unheeded. On an unspecified date, Ms. Massey learned from her neighbors in South Carolina, "that all their belong[ings] were being taken out of" the Beach House [*Id*.]. When Ms. Massey contacted the "real estate agent that listed the property (property shows as being listed on May 13, 2024) (Brendon Payne Expert Advisors Real Estate, Century 21 Expert Advisors)[,] . . . the receptionist said they [sic] had hired a company by the name of Real Look, owner Justin Ochs." [*Id*.]. She was advised "we were ordered by the US Marshals Service to pause marketing on the asset. Please contact your local United States Attorney's office to resolve the matter." [*Id*.]. Lastly, Ms. Massey stated:

> Another issue with the personal property is of my husband having a felony and not able to own guns. He was on home confinement for 16 months prior to beginning his sentence, so he has never been able to get to the home in SC and retrieve personal property before the locks were changed. He had a brand-new Taurus 9mm pistol with 3 magazines and 9mm bullets in the home, and with numerous people coming and going inside the home, from real estate agents to staging companies & their employees, no one has knowledge of this gun.

[*Id*.]. Ms. Massey attached a Petitioner Information form. [*Id*. at 6-27]. She asserted her name is on the deed of the Beach House and the truck title. [*Id*.]. Ms. Massey noted in her filing that she received her letter on May 10, 2024, and the [Beach House] was listed on Zillow May 13, 2024. [*Id*.].

Regarding her conversation with the assigned Assistant United States Attorney, her

8

petition states that on May 14, 2024, he said the following:

> [H]e proceeded to discuss my ownership percentage and sale proceeds due me, if the home were to sell. He couldn't answer who had been assigned to clear the home out. I explained getting the letter I received stating I had 30 days to file a petition. He provided me on May 15, 2024, with an email, stating that I needed to contact Ashley at Ashley.deleon@orefinancial.com to see where my items went to. Ashley only knew of the items inside the home and couldn't answer where the other items were packed and sent to, or who had packed them. I made mention to her about the missing pistol, in which she said she knew nothing about. I did proceed to contact the office of Brendon Payne Expert Advisors Real Estate, Century 21 Expert Advisors (843 284 3213), only to be told they had no involvement in the clearing of the home and relayed to me a company and telephone number (626 777 6354) by the name of "Real Look" (owner: Justin Ochs). Upon contacting Real Look, they are saying, "we were ordered by the US Marshals Service to pause marketing on the asset. Please contact your local United States Attorney's office to resolve the matter."

[*Id*. at 17]. Regarding the money used to purchase the home, Ms. Massey provides, "[a]s the majority owner of the home, I contributed most of the money to buy the home as I sold a residence, my vehicle, camper, and other assets to purchase the home. Furthermore, the US Marshall's [sic] office would not grant us access to the home to get our stuff as they [sic] said their order did not address personal property." [*Id*. at 18]. Ms. Massey attached the [Beach House] deed to her petition which mentions the following tenancy details:

> [U]nto me paid by Paul Massey and Kimberly Massey, in the State aforesaid, the receipt whereof is hereby acknowledged, have granted, bargained, sold and released and by these presents do grant, bargain, sell, and release unto the said Paul Massey and Kimberly Massey, *joint tenants with rights of survivorship, and not as tenants in common*, their heirs and assigns, forever, in fee simple, together with every contingent remainder and right of reversion against the Grantor and the Grantor's heirs, the following described property, to wit . . . .

[*Id*. at 25 (emphasis added)].

On June 26, 2024, the Court ordered the Government to respond to Ms. Massey's Petition/Response to the Court's Final Order of Forfeiture. [Doc. 99]. On July 18, 2024, the Government responded. [Doc. 101]. It noted, *inter alia*, as follows: (1) the 2019 F250 was forfeited

9

by Mr. Massey pursuant to the plea agreement and he acknowledged "that the Truck constituted proceeds of or was derived from the proceeds of the offenses to which he pled guilty," (2) the . . . [Beach House] was forfeited pursuant to the plea agreement and Mr. Massey "agreed to the forfeiture of the Beach House as it was purchased with proceeds of or was derived from the proceeds of the offense to which he pled guilty," and (3) the personal property was not part of the forfeiture. [*Id*. at 1-2].

The Government provided that the publication occurred from September 12, 2023, to October 11, 2023, and the publication claim deadline was November 12, 2023. *See* 21 U.S.C. § 853(n)(2). Next, it asserted that "[n]o claim was filed by a potential third-party claimant as a result of the publishing." [Doc. 70]. The Government professed unawareness of any third-party claimants to whom notice could have been sent. Inasmuch as no claimants appeared, the Government moved for the Final Order of Forfeiture [Doc.93], which, as noted, the Court entered on March 11, 2024. [DOC. 94]. [*Id*. at 3]. Notably, the Government states "[o]n or about May 8, 2024, the United States became aware that Defendant's wife, Kimberly Massey, was also listed on the deed for the Beach House. On that same date, the United States mailed notice to Kimberly Massey via FedEx Express priority overnight delivery." [*Id*.].

The Government maintains Ms. Massey lacks standing to assert her interest inasmuch as the Court putatively "extinguished any interest defendant has in those items." [*Id*. at 4]. The Government cites 21 U.S.C. § 853(k), *United States v. BCCI Holdings*, 795 F. Supp. 477, 479 (D.D.C. 1999), *United States v. Egan*, 654 Fed. Appx. 520 (2nd Cir. 2016), and *United States v. Farley*, 919 F. Supp. 276, 279 (S.D. Ohio 1996). It additionally contends the Court lacks subject matter jurisdiction to consider a petition for remission. It asserts "only the Attorney General, acting through the Money Laundering and Asset Recovery Section ('MLARS') has the authority to grant

or deny petitions for remission in judicial forfeiture cases. 28 CFR 9.1." [*Id*.].

The Government also notes "[e]ven if the Court believes that is has jurisdiction [over] Kimberly Massey's claim, the personal property was not listed among the assets forfeited from the defendant, which means the Court must dismiss that claim in the petition for lack of subject matter jurisdiction." [*Id*. at 5]. The Government adds in a footnote that "the United States Marshals Service can coordinate with Kimberly Massey for the retrieval of the personal property from the Beach House. At least a one-week notice of a date and time is sufficient to arrange the retrieval of the personal property." [*Id*.].

The Government further observed that, "[i]f the Court believes that the petition of Kimberly Massey is valid, she still failed to state the time and circumstances of her acquisition of the Truck and therefore that claim should be dismissed." Again, in a footnote, it provides that "[t]he Court is to assume that the facts set forth in the petition are true including that of the truck. Fed R. of Crim. P. 32.2(c)(1)(A). The Court has an exhibit included in this case introduced by Paul Smith which is the title of the Truck. [Doc. 21]. The title reflects that Paul Smith is the sole owner of the truck." [*Id*. at 5]. The vehicle title, however, indicates Mr. Massey is the sole owner, not Mr. Smith. [Doc. 21-1].

Finally, the Government states that, "[i]f the Court takes the facts set forth in the petition as true, and Kimberly Massey could potentially have a valid claim regarding the Beach House, Kimberly Massey would be required to prove that the Beach House was not purchased with proceeds of the crime . . ." [Doc. 101 at 6]. The Government adds she would also need to demonstrate that she

> has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts

11

which gave rise to the forfeiture of the property… 21.U.S.C. § 853(n)(6)(A).

[*Id*. at 6].

Ms. Massey replied on August 12, 2024. [Doc. 104]. First, she challenges the Government's assertion it did "not know[] until much later down the road" that she was listed as an owner on the Beach House deed. [*Id*.]. Regarding the personal property, she continues to assert personal items were taken from the Beach House before she received notice regarding the forfeiture of the home. Moreover, she contends "no one can seem to answer to this action and behavior that took place when the home was taken over by the US Government." [*Id*.]. Specifically, she alleges there is evidence that the real estate company, Brendon Payne Expert Advisors Real Estate, Century 21 Expert Advisers, placed the home on the market on May 13, 2024. [*Id*.]. She alleges her primary communication with the Government regarding the forfeitures can be reduced to her receipt of the "petition to file information" that she received via FedEx. [*Id*. at 2]. Ms. Massey received the updates regarding her response deadline obligation via a phone call she initiated with the Clerk's office on July 23, 2024. [*Id*.].

Ms. Massey notes she was never notified of any deadlines applicable to her for the September 12 to October 11, 2023, publication. [*Id*. at 3]. She does not further discuss the Truck or the personal property.

## II.

Our Court of Appeals has held that a third-party petitioner may challenge the underlying forfeitability of contested property. *United States v. Reckmeyer,* 836 F.2d 200, 206 (4th Cir. 1987). The Court highlighted "[s]erious due process questions would be raised . . . if third parties asserting an interest in forfeited assets were barred from challenging the validity of the forfeiture." *Id*. Other courts of appeal and district courts have emphasized notice is essential. *See,*

*e.g., United States v. Erpenbeck*, 682 F.3d 472, 476 (6th Cir. 2012) (holding when the Government lacks knowledge of whom the forfeiture affects, "constructive notice by publication suffices . . . [b]ut that is not true when the government knows or reasonably should know whom to notify. As to them, the government must attempt to provide direct notice of the proceeding"); *United States v. Puig*, 419.3d 700, (8th Cir. 2005) (providing the Government had a duty to personally notify an individual of forfeiture proceedings when their interest were known in the property); *United States v. Bouler*, 927 F. Supp. 911, 914-15 (W.D.N.C. 1996) (granting a Rule 60(b) motion challenging the criminal forfeiture of a property where the third-party interest was recorded on the title, but the third-party did not receive direct notice of the forfeiture); *United States v. Carmichael*, 440 F. Supp. 2d 1280, 1282 (M.D. Ala. 2006) (providing that when there was no formal notice of the interested party's debt, the Government's publication was sufficient)).

Furthermore, our Court of Appeals recently reiterated the constitutional requirements of notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Todman v. Mayor & City Council of Baltimore*, 104 F.4th 479, 488 (4th Cir. 2024) (referencing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)). When considering notice, "[r]especting one of the Constitution's most basic guarantees should be simple and straightforward." *Id*. at 490. Pursuant to *Mullane*, under the "'reasonably calculated' standard, the government must 'attempt to provide *direct* notice of the proceeding' to individuals or entities that 'the government knows or reasonably should know' are interested parties." *United States v. Gallion*, 534 F. App'x 303, 308 (6th Cir. 2013) (quoting *Mullane*, 339 U.S. at 314).

Respecting the current circumstances, pursuant to *Federal Rule of Civil Procedure* 60(b), a court may relieve a party from an adverse judgment if the party shows either: "(1) mistake,

13

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The sixth, "catchall" provision is "invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).

### III.

There are considerable concerns respecting the notice given Ms. Massey in this matter. First, the Government's response to Ms. Massey's Petition, [Doc. 101], is troubling at best. The Government stated "[o]n or about May 8, 2024, the United States became aware that Defendant's wife, Kimberly Massey, was also listed on the deed for the Beach House. On that same date, the United States mailed notice to Kimberly Massey via FedEx Express priority overnight delivery." [Doc. 101 at 3].

There are many indications, however, of both actual and constructive notice of Ms. Massey's interest in the Beach House long prior that should have prompted the Government to act. First, the assigned Assistant United States Attorney filed multiple documents that included Ms. Massey's name in association with the Beach House property. Second, the Beach House home insurance policy entered as an exhibit on December 28, 2022, has a name redacted above that of Mr. Massey. One might well conclude Ms. Massey's name was the subject of the redaction. [Doc. 21, Ex. 1] (emphasis added). Third, the Government's June 29, 2023, Preliminary Proposed Order

14

of Forfeiture was prepared by the assigned Assistant United States Attorney, and it included the following language:

> This being the identical property conveyed to Paul Massey and *Kimberly Massey* by Deed from Mark R. Bly, dated November 24, 2020 and recorded on November 25, 2020 in Deed Book 4365 at Page 2952, Horry County records.
>
> Tax Map #: 195-07-04-014 & PIN: 462-12-03-0021
>
> Property Address: 1511 Sough Hollywood Drive
>                              Surfside Beach, SC 29575

[*Id*. at 2] (emphasis added). Fourth, the July 27, 2023, Amended Preliminary Order of Forfeiture left Ms. Massey's name intact. [*Id*.]. Fifth, the Court entered the August 24, 2023, Amended Preliminary Order of Forfeiture, [Doc. 60], which once again contained the following language:

> This being the identical property conveyed to Paul Massey and *Kimberly Massey* by Deed from Mark R. Bly, dated November 24, 2020 and recorded on November 25, 2020 in Deed Book 4365 at Page 2952, Horry County records.
>
> Tax Map #: 195-07-04-014 & PIN: 462-12-03-0021
>
> Property Address: 1511 Sough Hollywood Drive
>                              Surfside Beach, SC 29575

[*Id*. at 2-3] (emphasis added). The Government nevertheless told the Court it "was not aware of any third-party claimants to whom notice could have been sent. Since no claimants came forward, the United States moved for a Final Order of Forfeiture [Doc. 93], which the Court granted on March 11, 2024. [ECF 94]." [Doc. 101 at 3].

Absent the palpable notice failure in this matter, Ms. Massey could have timely filed a Rule 32.2(c)(1) "petition asserting an interest in the property to be forfeited." Fed. R. Crim. Pro. 32.2(c)(1). That would then have triggered the required ancillary proceeding. Inasmuch as she did not receive proper notice under the circumstances, she was unaware of her obligation to protect her rights prior to entry of the final order. Thus, in the interest of justice, the Court construes Ms.

Massey's motion as a Rule 60(b) motion that requests the Court vacate and reconsider its Final Order of Forfeiture entered March 11, 2024. [Doc. 94].

If Ms. Massey's submission is viewed as a Rule 60(b) motion, she has asserted a meritorious claim. In sum, Ms. Massey, an individual listed as an owner on the Beach House deed, did not receive notice her valuable ownership interest would be struck until (1) approximately two months after a final order of forfeiture was entered, (2) almost seven months after Mr. Massey was sentenced, and (3) approximately eight and half months after the Amended Preliminary Order of Forfeiture was entered. [Doc. 60]. Inasmuch as she satisfies the catchall provision under Rule 60(b), the Court **GRANTS** her Letter Form Petition/Response to the Final Order of Forfeiture. [**Doc. 98**].

Based upon the foregoing discussion, the Court would thus ordinarily vacate the March 11, 2024, Final Order of Forfeiture and permit Ms. Massey to, at a minimum, pursue her challenge regarding the Beach House. The Court has, however, learned that the parties may have possibly consummated a settlement. [*See generally* Doc. 109]. The Amended Final Order of Forfeiture ("Amended Final Order"), filed March 27, 2025, however, includes as an attachment the "STIPULATION AND SETTLEMENT AGREEMENT ON THE REAL PROPERTY LOCATED AT 1511 S. HOLLYWOOD DRIVE, SURFSIDE BEACH, SOUTH CAROLINA 29575 [(the "Stipulation")]. [*Id.*]. The stipulation is blemished multiple times with green question marks and other handwritten marks on nearly every page. [Doc. 109-1, 2-3].

Under these circumstances, the Court is unable to enter the Amended Final Order. If the parties have indeed resolved their dispute, they may submit a revised document to the same effect, accompanied as well by an appropriately Amended Final Order setting forth whether the entirety of the matter may now be dismissed.

The Clerk is directed to send a copy of this written opinion and order to the third-party claimant, Ms. Massey, by certified mail, return receipt requested, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: May 27, 2025

Frank W. Volk
Chief United States District Judge